New York County.—Hon. D. G. ROLLINS, Surrogate.— April, 1882.

## Effray v. Foundling Asylum.

*In the matter of the probate of the will of* Felix Effray, *deceased.*

The testator, by his will, executed on the day before his death, gave certain legacies, as follows: by clause (7), "unto St. John's Guild, a corporation created by and existing under the laws of the State of New York, the sum of $5,000;" by clause (8), a legacy to the "Societe Française des dames de l'Eglise de St. Vincent de Paul a New York," an unincorporated association; by clause (9), "unto the person acting as the treasurer for the time being, meaning the treasurer, if there be one, of the Foundling Asylum for Babies, Lexington avenue and Sixty-eighth street, New York city, *to be applied to the uses of said asylum,* the sum of $3,000;" by clause (10), a legacy to the treasurer of the House of the Good Shepherd. The St. John's Guild was organized under the act for the incorporation of benevolent, etc., societies, *Laws* 1848, ch. 319, which invalidates a gift to any corporation formed thereunder, contained in a will executed less than two months before the testator's death. The ninth clause described an institution not existing; but there was located, at the place mentioned, a corporation organized under the act of 1848, named "The Foundling Asylum of the Sisters of Charity in the City of New York." The validity of these bequests having been put in issue, *Held,*

1. That clause (7) was void under the act of 1848.

2. That clause (8) was valid.

3. That clause (9), though not void for uncertainty as to the legatee, was void under the act of 1848, it being not competent for the testator to evade the policy of that statute, by the simple device of making the gift to an individual, and the bequest being, in legal effect, one to the last mentioned foundling asylum; and that clause (10) was void, for a like reason.

UPON proceedings for the probate of decedent's will, Marie Emelie Celestine Effray, an infant daughter of decedent, by her special guardian, expressly put in issue the validity of certain bequests, pursuant to Code Civ. Pro., § 2624. The facts appear sufficiently in the opinion.

W. B. WINTERTON, *for executors.*

JOSIAH SUTHERLAND, *special guardian for M. E. C. Effray.*

DEVLIN & MILLER, *for the Foundling Asylum, etc.*

THE SURROGATE.—On January 2, 1882, decedent executed a will, which has been propounded for probate. It contains certain dispositions of personal property, the validity and effect of which have been put in issue. By section 2624 of the Code, it is made my duty to pass upon this issue, before admitting the will to probate.

The question arises under *Laws* 1848, ch. 319, § 6, which provides that "no devise or bequest to any corporation formed under the act shall be valid in any wise, which shall not be made and executed at least two months before the death of the testator." Mr. Effray died on the day following the execution of the will. It is not disputed, therefore, that any bequests which are given to corporations, formed under the act of 1848, are void.

1. The testator, by the seventh clause of his will,

bequeaths "unto St. John's Guild, a corporation created by and existing under the laws of the State of New York, the sum of $5,000." It appears by the evidence that St. John's Guild is a corporation established under the act of 1848. The bequest to that institution is indisputably void.

2. By the ninth clause of his will, the testator bequeaths "unto the person acting as the treasurer for the time being, meaning the treasurer, if there be one, of the Foundling Asylum for Babies, Lexington avenue and Sixty-eighth street, New York city, to be applied to the uses of said asylum, the sum of $3,000." At the corner of Lexington avenue and Sixty-eighth street, there is no such institution as the Foundling Asylum for Babies; but evidence has been produced before me that, at the place indicated, there are buildings occupied by a corporation established under the law of 1848, and called the Foundling Asylum of the Sisters of Charity in the City of New York. That institution is the only one at or near the premises specified, and I find it to be the one which the testator designed to make the object of his bounty (Lefevre v. Lefevre, 59 N. Y., 434; New York Institution for the Blind v. How's Executors, 10 N. Y., 84; Hornbeck's Executor v. American Bible Society, 2 Sandf. Ch., 133).

It is urged, on behalf of the infant next of kin, that the foregoing bequest, like that to St. John's Guild, is void. It is claimed, on the other hand, by the foundling asylum, that the bequest is not to the corporation, but to the individual, who, at the time of the testator's death, might be the treasurer of the institution, if it should

then have a treasurer, and, if not, to the individual who should be acting as such treasurer.

In New York Institution for the Blind v. How's Executors (10 N. Y., 84), and in Chamberlain v. Chamberlain (43 N. Y., 437), a bequest to trustees of certain corporations was held to be in legal effect a gift to the corporations themselves. So, too, in Hornbeck's Executor v. American Bible Society (2 Sandf. Ch., 133), a legacy to certain treasurers of various societies was held to be a gift to those societies. And in Manice v. Manice (43 N. Y., 314), a bequest of a certain sum "to the treasurer for the time being of Yale College, which sum I request the trustees of said college to invest," etc., was regarded as a bequest to the college.

It seems to me that the present case is clearly within the scope of the foregoing decisions. The claim that the gift is to the individual or person who may be treasurer at the testator's death, and that the reference to such person as treasurer was only by way of description, might possibly have some force, but for the words " to be applied to the uses of said asylum." In view of that clause, it cannot be claimed, and indeed is not sought to be claimed, that the treasurer could treat the bequest as a personal legacy to himself. But it is argued that the phrase, " to be applied to the uses of said asylum," may be construed as if it read "applied to such uses as the asylum applies its moneys ;" that is, that the will makes the person, who is treasurer, a trustee for a class of beneficiaries which he may select, and which must be similar to the class for whose care and maintenance the Foundling Asylum was instituted.

However commendable may have been the purpose of

the testator, I cannot think that, by a device so simple, the manifest policy of the statute has been successfully evaded, and the intent of its provisions frustrated. It seems clear to me that this bequest must be declared invalid, as in legal effect a bequest to the Foundling Asylum. For the same reason, the tenth clause of the will, whereby the testator gives a similar legacy to the treasurer of the House of the Good Shepherd, must be adjudged void.

The eighth clause would also be invalid, if the "Society Francaise des dames de l'Eglise de St. Vincent de Paul a New York," was a corporation established under the act of 1848 ; but it is shown to be an unincorporated society, and no grounds have been urged against the validity of this bequest. I hold that is valid.

Decreed accordingly.