### DETERMINED IN THE

# SECOND DEPARTMENT,

### AT

# GENERAL TERM,

## February, 1885.

---

IN THE MATTER OF THE APPLICATION OF THE TRUSTEES OF THE
HEDDING METHODIST EPISCOPAL CHURCH, OF
POUGHKEEPSIE, TO COMPEL THE EXECUTORS OF THE LAST WILL
OF MATTHEW VASSAR, JR., DECEASED, TO RENDER AN
ACCOUNT, ETC.

*Proceedings to compel the payment of a legacy — a surrogate cannot decide disputed
questions arising therein — Code of Civil Procedure, secs. 2717, 2718.*

A testator having by his will bequeathed to each of seven churches, naming
them, the sum of $7,000, to be paid to and used by each as therein provided,
one of the churches applied to the surrogate, under section 2717 of the Code of
Civil Procedure, to compel the executors to pay the legacy alleged to be due
to it. The executors filed a verified answer objecting to the payment of the
legacy on the grounds that it was not certain that the petitioner was the corpo-
ration to which the legacy was given, and on the ground that the amount of
the legacy given was in doubt.

*Held,* that the surrogate should have dismissed the proceedings as he had no
power to take proof as to the facts disputed by the answer.

APPEAL from a decree of the Surrogate's Court of Dutchess
county, directing the executors of Matthew Vassar, Jr., to pay over
to the petitioner a legacy bequeathed to it by the said Vassar in
his will.

*Thompson, Weeks & Lown,* for the executors, appellants.

*W. Farrington,* for the Hedding Methodist Episcopal Church,
respondent.

BARNARD, P. J.:

This appeal does not bring up the merits of the two questions raised by the executors of the will of M. Vassar. The questions arise under a clause in the will in these words, "I give and devise to each of the following named churches in the city of Poughkeepsie: The Hedding Mission, Congregational, German Lutheran, Baptist, Holy Comforter and Orthodox Friends Society, the sum of $7,000 to be paid to the treasurer or governing body of each church respectively, and to be held in trust by said churches or societies and invested in the securities hereinafter described, and the income thereof to be applied in their discretion for the purchase of books, tracts and papers for the use of their respective Sunday schools."

The trustees of the Hedding Methodist Epispcopal Church of Poughkeepsie individually apply to the surrogate of Dutchess county to compel the payment of $7,000. The application is made under section 2718 of the Code. By this section it is made the duty of the surrogate to dismiss the proceedings when a verified answer is filed setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality absolutely or upon information and belief. The dismissal of the petition is by the same section declared to be without prejudice to an action or accounting in behalf of the petitioner. The first objection set out by the executors is that the legacy is not given without doubt to the petitioners. There is no such church as the Hedding Mission Church in Poughkeepsie. The correct name is not necessary. A legacy may be given to a corporation by description, and there is abundant proof in the case that the petitioner was the coporation intended. (*N. Y. Institution for the Blind* v. *How's Exrs.*, 10 N. Y., 84.) The appeal, however, must be decided without regard to this proof. If the answer made an issue which required proof, none could be taken upon this proceeding and in the Surrogate's Court. (*Riggs* v. *Cragg*, 89 N. Y, 479.)

In this case the Court of Appeals held that "the provision authorizing the surrogate to compel an accounting and the payment of a debt or legacy upon the application of a particular creditor or legatee, cannot, we think, be construed as authorizing a decree of payment except where the right to the debt or legacy is undisputed." Substantially the same thing is held in the cases of *Fiester* v. *Shepard*

(92 N. Y., 251) and *Hurlburt* v. *Durant* (88 id., 121). Before the petitioner can take the legacy, if it is disputed, proof must be given of the character of the church, its purposes, its name commonly used, its place of location. It will be thus seen that the claimant answers the description given to it by the testator. The surrogate cannot take this proof. The second claim made by the executors is that only $7,000 is given in all to the seven churches, instead of $49,000 as claimed by the petitioners. This also is a subject which the surrogate cannot determine upon the application of the individual legatee. It may be easy of solution when an action is brought in the court which can try and decide this question. Upon the subject of doubt it may be said that there are seven churches and only the sum of $7,000 is named in the bequest. The word each would naturally carry $7,000 to each church, but when the surroundings of the will and the purposes of the bequest are proven, and the needs of the churches in respect thereto, it may present a more serious question than is apparent from the will alone and without proof.

The judgment should be reversed, and the proceedings remitted to the surrogate to dismiss the petition, with costs to the appellant out of the estate.

DYKMAN and PRATT, JJ., concurred.

Decree of surrogate directing payment of legacy to Hedding Methodist Episcopal Church reversed, and proceedings remitted to surrogate to dismiss petition, costs out of the estate to appellant.