IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNT OF PROCEEDINGS OF CHARLES WEHRHANE AND OTHERS, AS EXECUTORS, ETC., OF JULIUS HALLGARTEN, DECEASED

*Charitable bequest — when not defeated by an error in the name of the legatee.*

One Hallgarten bequeathed "To the Children's Aid Society, city of New York $5,000. To the Newsboys' Lodging-House, city of New York, $5,000."

The Newsboys' Lodging-House was an unincorporated department of the Children's Aid Society, well known and recognized by the legislature. Its affairs were managed by the same board which controlled the affairs of the Children's Aid Society, through separate officials, who reported to that board. Many bequests had been made to the Newsboys' Lodging-House as distinct from the Children's Aid Society; and the testator had taken a decided interest therein and was a constant subscriber to both the aid society and the lodging-house.

*Held*, that the legacy to the Newsboys' Lodging-House was valid and that it should be paid to the Children's Aid Society.

APPEAL from a decree of the surrogate of New York, upon the judicial settlement of the accounts of the executors of the last will and testament of Julius Hallgarten, deceased.

*Charles E. Whitehead* and *Stanley W. Dexter*, for the Children's Aid Society, appellants.

*Hoffman Miller*, for Union Trust Company, general guardian of Albert Hallgarten, respondent.

*Martin & Smith*, for the executors, respondents.

BRADY, P. J.:

Julius Hallgarten, the testator, by the sixth clause of his will, bequeathed a number of legacies to charitable institutions, payable out of the residue of his estate, and, among others, the following :

"To the Children's Aid Society, city of New York, five thousand dollars."

"To the Newsboys' Lodging-House, city of New York, five thousand dollars."

Upon the hearing before the referee it was proved that the Newsboys' Lodging-House was not incorporated but was a department of the Children's Aid Society, well-known and recognized by the legislature. And, further, that its management was under the same

board which controlled and managed the affairs of the Children's Aid Society, although separate officials acted, who reported to that board. And, further, that many bequests had been made to the Newsboys' Lodging House as distinct from the Children's Aid Society. The referee found, and so reported, that the lodging-house was unincorporated but a branch of the Children's Aid Society and under its management and direction, and was a distinct department of the society's works, the reports and accounts being kept separate from the general accounts of the society. He held, however, as a conclusion of law, that it had no capacity to take by devise or bequest; that it must take, if at all, by virtue of its being a department of the Children's Aid Society, and on the theory that the testator intended the legacy given to the lodging-house to pass to the Children's Aid Society; and that he was unable to distinguish this from the case of *Betts* v. *Betts* (4 Abb. N. C., 317), and the legacy must, therefore, fail. The learned surrogate confirmed the report on the adjudication mentioned and that of the *First Presbyterian Society* v. *Bowen* (21 Hun, 389). In the first of these cases a bequest was given to the Marine Bible Society, which it was said was not saved although that society was auxiliary to the American Bible Society, and this, for the reasons that provision was specifically made in the will for the corporation and the auxiliary society, had its own organization and officers. The Newsboys' Lodging-House has no organization except under the parent corporation by which it is managed and controlled. The second case is one in which a trust was created, the interest of the fund to be employed when needed to improve ground used as a cemetery. The bequest was held to be void because it was to an unincorporated association, and the trust invalid because there was no trustee named to take the bequest, on the well-settled principle that there can be no valid trust unless there be a certain donee or beneficiary. There was no legal legatee capable of applying the income to the supposed secondary purposes.

In the *Children's Aid Society* v. *A. Stewart Walsh et al.* (see MS. opinion) the legacy was to the trustees for time being of the Newsboys' Home, No. 39 Park place, in the city of New York, and it was conceded as herein that the Home was maintained by the plaintiff, and that the testator was a frequent visitor to it. The

learned judge, in disposing of the question, said there were numerous cases where persons were allowed to take, though not correctly named in the will, because such persons conformed to the description of the beneficiary named by the testator. He cited two cases as illustrative of this view, namely, *The New York Institution for the Blind* v. *How's Executors* (10 N. Y., 84) and *Lefevre* v. *Lefevre* (59 id., 434). In the latter case the bequest was to the Home of the Friendless in New York, but there was no institution of that name, and the legacy was claimed by " The American Female Society," on the evidence given that the society had acquired and used the names of " Home of the Friendless " and " Home for the Friendless." The court held that the evidence thus given was properly received. The court said that a corporation might be designated by its own name or any name by which it could be distinguished from every other corporation; and when any but the corporate name was used the circumstances to enable the court to apply the name or description to a particular corporation and identify it as the body intended, and to distinguish it from all others and bring it within the terms of the will, might in all cases be proved. In this case the evidence established conclusively that the Newboys' Lodging-House was in fact the Children's Aid Society, acting under another name in carrying out the design of its incorporation. A boys' lodging-house, it can be readily perceived, is a children's aid, furnishing them with a place to sleep. It is true that the society receives a donation also, and this may be said to be conclusive of the intent of the testator to make but one donation to the society, no matter what different forms or modes of administration it might have adopted; but this does not necessarily follow, for the testator had a decided interest in the Newsboys' Lodging-House, designated by him, and may well have given the sum mentioned for particular application to it, while the legacy to the parent society was intended for its general work throughout the city, to be used in all the various modes in which aid could be extended to children, either through lodging-houses or otherwise. The evidence, indeed, shows that he was in the habit of contributing especially to the Newsboys' Lodging-House, and was a constant subscriber to both the Children's Aid Society and the Lodging-House, after visiting the latter, and, therefore, knew of their relations to

each other. For these reasons the decree of the surrogate should be reversed as far as it relates to the legacy to the Newsboys' Lodging-House, the legacy there to be declared valid and directed to be paid to the Children's Aid Society. The costs of the controversy should be paid out of the fund.

Daniels, J. :

This case is one presenting serious grounds for doubts as to its legal disposition. But for the present this doubt, under the circumstances, may justly be solved as it is suggested in the opinion of Justice Brady. I, therefore, agree to the determination directed by him.

Decree reversed as directed in opinion, costs to be paid out of the fund.