[No. 16710.   Department One.   January 20, 1922.]

ALMA DE LA POLE, *Appellant*, v. CHARLES J. BROUGHTON, JR., *as Administrator etc., Respondent*.[1]

VENDOR AND PURCHASER (131, 133)—BONA FIDE PURCHASER—TITLE —CONSIDERATION AND GOOD FAITH—EVIDENCE—SUFFICIENCY.   Where mother and daughter, as sole heirs of an estate, joined in a deed to a tract of land belonging to the estate, for which the daughter never received any portion of her share of the consideration, the daughter has no right of action against the purchaser to recover her undivided one-half interest on the theory that he dealt in bad faith, since the purchaser was justified in assuming, when tendered a deed duly executed by mother and daughter, that the mother was authorized to receive that part of the consideration belonging to the daughter.

Appeal from a judgment of the superior court for Columbia county, McCroskey, J., entered July 5, 1921, upon findings in favor of the defendants, in an action by an heir to recover an interest in real property and mesne profits, tried to the court.   Affirmed.

*S. A. Keenan* and *R. M. Sturdevant,* for appellant.
*Will H. Fouts* and *Roy R. Cahill,* for respondent.

TOLMAN, J.—This case is closely allied to that of *de la Pole v. Lindley, ante* p. 387, 204 Pac. 12, to which reference should be had for a more detailed statement of the facts.

In addition to the relief sought in the *Lindley* case, the appellant, at the time of beginning that action, also brought this action to recover an undivided one-half interest in the one-hundred-and-sixty-one-acre tract of land, sold by her mother to Chas. J. Broughton, Sr., together with the mesne profits for the six years immediately preceding the bringing of the suit. From a judgment denying the relief sought she has appealed.

[1]Reported in 204 Pac. 15:

It was stipulated on the trial of the action below that the land here affected was acquired by the Duncans during their married life, and, therefore, it will be assumed to have been community property at the time of the death of John W. Duncan, in 1898, and should have been administered upon in the probate of his estate.

Mrs. Duncan, as administratrix of her husband's estate, first inventoried this land as community property, and thereafter concluding that one hundred and twenty acres of this tract were her separate property, she ceased to administer upon it, and though no order of the probate court was sought or obtained with reference thereto, she thereafter treated it as her separate and individual property. The remaining forty-one acres were admittedly community property, and passed by the decree of distribution entered in the John W. Duncan estate to the widow and daughter in equal, undivided shares.

It is shown that Mr. Broughton was a friend, and to some extent, an adviser of Mrs. Duncan during the years following the death of her husband, and was also a surety upon her bond as administratrix of her husband's estate. It is further contended that the consideration which Broughton paid for the land was far less than its actual value; that his action in immediately building a fence to separate the tract purchased from the remainder of the Duncan ranch, and his failure to see that any part of the consideration reached appellant's hands, all indicate that he dealt in bad faith, and that the sale to him should be held void, notwithstanding the fact that appellant joined with her mother in executing the deed which conveyed the title to Broughton.

But, after a careful examination of the record, we cannot so hold. We see nothing in the friendly rela-

tions existing between Mr. Broughton and Mrs. Duncan which necessarily placed any special duty or obligation upon the former, or gave to either any special advantage in dealing with the other. After agreeing upon the price, Mr. Broughton demanded an abstract of title, and upon its examination, he was informed that appellant, who had then reached her majority, had an interest in the land, and that he must secure a deed from both mother and daughter. He communicated this fact to Mrs. Duncan, the daughter then being absent from home attending college, and when the mother thereafter produced and tendered a deed, duly executed by both, he had a right to assume that she was authorized to receive that part of the consideration belonging to the daughter, and no duty rested upon him to go farther.

We are clear that the judgment appealed from must be, and it is, affirmed.

PARKER, C. J., BRIDGES, FULLERTON, and MITCHELL, JJ., concur.