[No. 16712.  Department One.  January 20, 1922.]

ALMA DE LA POLE, *Appellant*, v. TROY LINDLEY, *Executor, et al., Respondents.*[1]

CHARITIES (3, 4)—BEQUESTS—CERTAINTY AS TO BENEFICIARIES AND PURPOSES.  A bequest by a testatrix to the "Trustees of the Masonic and Eastern Star Home at Puyallup, Washington," the home being an unincorporated auxiliary of the Masonic Grand Lodge of the state, by whom its trustees were appointed, constitutes a valid gift to charity, though not using the words "in trust," in view of extrinsic evidence showing the charitable work in which the home is engaged, presumably to her knowledge, and no other intent on her part than to give to charity being discoverable from the will.

SAME (3).  A bequest to trustees of an institution is a bequest to the institution itself.

SAME (7)—ADMINISTRATION OF FUND.  Where the object of a charitable bequest is identified, the court has power to carry out the intended purpose through such legal entity as may be in control of the institution at the time, or, if necessary, through a trustee of its own appointment.

Appeal from a judgment of the superior court for Columbia county, McCroskey, J., entered July 5, 1921, upon findings in favor of the defendants, in an action to contest the validity of a will, tried to the court. Affirmed.

*S. A. Keenan* and *R. M. Sturdevant,* for appellant.
*Will H. Fouts* and *Roy R. Cahill,* for respondents.

TOLMAN, J.—Clara A. E. Duncan, the person mentioned and referred to as the widow of John W. Duncan, in *de la Pole v. Lindley, ante* p. 387, 204 Pac. 12, and *de la Pole v. Broughton, ante* p. 395, 204 Pac. 15, to which cases reference is made for further facts throwing light upon the question here presented, died in California, November 26, 1919, being then a resident

[1]Reported in 204 Pac. 15.

of, and leaving an estate in, Columbia county, Washington.

Deceased left a last will, dated March 10, 1919, which was admitted to probate in the superior court for Columbia county on December 27, 1919, and thereafter appellant began a contest of the will on a number of different grounds, only one of which is presented and argued here.

The will, after directing the place and manner in which the testatrix' body should be interred, and bequeathing certain property in Oregon to surviving relatives, proceeds:

"I hereby give, devise and bequeath all the real estate which I may own at the time of my death, in Columbia county, State of Washington, to my daughter Alma de la Pole, for and during the term of her natural life, and upon her death, I hereby give, devise and bequeath the remainder over to the Trustees of the Masonic and Eastern Star Home, at Puyallup, Washington, forever."

The trial court sustained the will and the contestant, appealing, assigns as error the ruling of the trial court sustaining the bequest of the remainder over of the real estate situated in Columbia county to the trustees of the Masonic and Eastern Star Home at Puyallup, Washington, it being contended that the language used in the will to effect this bequest is so indefinite and uncertain as to be entirely void, and that, therefore, the bequest fails, and appellant, as the legally adopted daughter and only descendant of the testatrix, should take this remainder as sole heir at law.

Our chief concern here is to arrive at the intention of the testatrix, which must be ascertained largely from the will itself, and to determine whether the bequest under attack was intended as a charitable bequest, because if it was for charitable purposes the

law requires that it be sustained if it reasonably can be. As was said in *In re Galland's Estate,* 103 Wash. 106, 173 Pac. 740, quoting Gray on the Rule Against Perpetuities:

" 'If the court, however, can see an intention to make an unconditional gift to charity (and the court is very keen-sighted to discover this intention), then the gift will, be regarded as immediate——' "

And this, we think, is the general rule, although it has been occasionally overlooked.

Taking, then, the will as a whole, in order to determine the intention of the testatrix, we find that by paragraph 2 provision was made for the surviving brothers and sisters, and also a nephew. It does not appear that there were other collateral relatives. Paragraph 3, which has been quoted, provides for the daughter, and then follows the bequest to the trustees of the Masonic and Eastern Star Home. Having first provided for all who might be denominated the natural objects of her bounty, the last bequest must be viewed in the light of that fact which was evidently in the mind of the testatrix at the time. It is not shown that she had any knowledge of the individuals who were trustees of the home at the time the will was drawn, or that she possessed any foreknowledge of who might be such trustees when the will should take effect, but it is shown that the Masonic and Eastern Star Home is not an incorporated association, but is a charitable auxiliary of the Grand Lodge of the Free and Accepted Masons of Washington, which is incorporated; that its trustees are appointed from time to time by the Grand Lodge, and that it is maintained by appropriations made directly by the Grand Lodge, and by donations from others, for the purpose of providing a home and support for sick, incapacitated and dependent members of the Masonic order and their wives and daugh-

ters. It is clear the testatrix knew nothing of the legal machinery from or through which the home derived its existence, and, just as clearly, she did not intend that the trustees who might be such at the time of her death should take individually, but assumed that the institution was, or would be, governed and controlled by trustees, and that the way to have her property applied to the carrying on of the home and the extension of its work, was to place it in the hands of the trustees who should manage its affairs, for that particular purpose. That she did not use the words "in trust" or their equivalent does not, in the light of the extrinsic evidence and the charitable work in which the home was engaged, presumably to her knowledge, render her intent uncertain, for, being "very keen-sighted to discover this intention", namely, to give to charity, we can quite logically hold here that no other intent can be discovered in the will, and from the known charitable nature of the work carried on by the home in question, the intention to further that work by the bequest must be presumed.

It has frequently been held that a bequest to the trustees of an institution is a bequest to the institution itself: *Reformed Presbyterian Church v. McMillan,* 31 Wash. 643, 72 Pac. 502; *New York Institution for the Blind v. How's Ex'rs,* 10 N. Y. 84; *Baldwin's Ex'rs v. Baldwin,* 7 N. J. Eq. 211; *Newell's Appeal,* 24 Pa. 197; *Bruere v. Cook,* 63 N. J. Eq. 624, 52 Atl. 1001.

See, also, *In re Upham's Estate,* 127 Cal. 90, 59 Pac. 315, and *Hitchcock v. Board of Home Missions,* 259 Ill. 288, 102 N. E. 741, Ann. Cas. 1915B 1.

That the Masonic and Eastern Star Home at Puyallup is an unincorporated auxiliary of the Masonic Grand Lodge, will not defeat the bequest, for the

object of the testatrix' bounty having been identified, the court will see upon distribution that the property bequeathed is applied to the purpose intended, through such legal entity as may be in control of the home at the time, or, if necessary, through a trustee or trustees of its own appointment. See authorities cited, and *In re Wilson's Estate,* 111 Wash. 491, 191 Pac. 615. The judgment of the trial court is affirmed.

PARKER, C. J., BRIDGES, FULLERTON, and MITCHELL, JJ., concur.