---

(27 Misc. Rep. 475.)

### In re EVANS.

(Surrogate's Court, Otsego County.  May, 1899.)

1. **WILLS—JURISDICTION OF SURROGATE.**
    Under Code Civ. Proc. § 2624, providing that "the validity, construction or effect of any disposition of personal property, contained in a will," must be determined by the surrogate at the time of probate, if expressly put in issue, the surrogate has no jurisdiction, in proceedings for the probate of a will, to pass upon a question arising under Laws 1860, c. 360, limiting the power of a testatrix leaving a husband, child, or parent to give more than one-half of her estate to charitable corporations.

2. **SAME—CHARITABLE BEQUESTS—SURVIVING HUSBAND.**
    Where the will of a wife gives to the husband a life estate in the real and personal property of the testatrix, bequeaths $1,000 to a church named therein, and gives the interest from the residue of the estate to a person named, with remainder to another charitable institution, and the bequest to the church is in excess of the entire proceeds of the estate at the time of the final settlement of the executor's accounts, the church, under Laws 1860, c. 360, limiting the power of a testatrix leaving a husband to give more than one-half of her estate to a charitable corporation, will take but one-half of the property remaining for distribution, and the remaining half, having been undisposed of by her, will pass to the husband, as in cases of intestacy.

Proceedings for the settlement of the accounts of Evan Evans, as executor of the estate of Caroline Counrod, deceased.

L. S. Henry, for executor, Evan Evans.

J. D. Reed, for next of kin of Caroline Counrod.

C. G. Cooke, for Norman Getman.

ARNOLD, S.    The provisions of the will of Caroline Counrod, deceased, necessary to be considered for the purposes of this proceeding, are the following:

"First. I give and bequeath to my husband, Gilbert Counrod, the use of my real and personal property during the term of his natural life, except my watch and chain, which I give to him absolutely." "Sixth. I give and bequeath to the First Methodist Episcopal Church, of Richfield Springs, N. Y., one hanging lamp, to be used in the prayer room in said church. I further give and bequeath to said Methodist Episcopal Church the sum of $1,000, to be expended in erecting and building a parsonage for said church in the village of Richfield Springs, N. Y., or in purchasing a lot whereon to build a parsonage." "Eighth. All the rest, residue, and remainder of my property, money, and effects I give and bequeath to my hereinafter named executor in trust, the interest thereof, and such part of the principal as to him may seem necessary to be by him expended for the support and benefit of Theodore Campbell during his natural life. And I further direct my said executor to pay whatever part of said principal sum as shall be unexpended at the time of the death of said Theodore Campbell to the Old Ladies' Home, of Oswego, N. Y., to have and to hold forever."

The other clauses of the will make certain bequests.    These clauses it is not necessary to consider now.

It appears that the testatrix died in January, 1896.    She was survived by her husband, Gilbert Counrod; he died on the 29th day of September, 1897.    During his lifetime he received the income from the estate of testatrix, as directed in the first clause of her will above quoted.    From the accounts of the executor, it appears that the whole amount of the estate given and devised by the will of testatrix amounted to less than $1,100, and that the amount now on hand for distribution is $822.46.    In these proceedings for the judicial settlement of his accounts, it is contended by the next of kin that under the sixth clause of the will, above quoted, but one-half of the estate, after the payment of the debts, can be distributed to the church, and that the other half must go to the next of kin of the testatrix.    Chapter 360 of the Laws of 1860.    It is conceded by the counsel for the executor that had any of the persons named in the act of 1860, c. 360, appeared in the proceedings for the probate of this will, and asked for a construction of the will, and claimed that its provisions were in violation of the act of 1860, then the court had power and authority, under section 2624 of the Code of Civil Procedure, to determine the question now presented; and he contends that, all of the parties having been duly cited upon the probate of the will, none of them can now make the contention.    I think that the learned counsel is clearly wrong in both of these contentions.    The court of appeals held in Re Walker, 136 N. Y. 20, 32 N. E. 633, at page 26, 136 N. Y., and page 634, 32 N. E., that, upon proceedings for the probate of a will, the surrogate's court had no jurisdiction to hear and determine that question.    I quote the language of the court:

"With respect to the legacies to the charitable and religious societies, no construction of the will, and no decision as to their validity or legal effect, was necessary in order to determine the exact rights of the legatees. The language of the bequests is clear and unambiguous, and no question could arise in regard to the quantum of the estate to which they are entitled under the will, were it not for the statute which limits the amount which such societies may take, where the testator has children surviving him, to one-half of his estate after the payment of his debts. Laws 1860, c. 360. The law prescribes the maximum limit of the aggregate of such legacies, and the will is to be read as if the statutory restriction was a part of it. If it had, in terms, provided that these institutions should have one-half of his estate after the payment of his debts, but not exceeding twenty-four thousand eight hundred dollars in all, it would have merely stated, in another form, the effect of the bequests under consideration. When the surrogate decreed that these legatees were not entitled to more than one-half of the estate after the payment of the debts, and that as to the other half he died intestate, it was a simple statement of the legal effect of the will and the statute when read together. There was nothing uncertain or indefinite about these legacies, save the amount which the legatees would eventually take; and this could not be ascertained, except in the orderly administration of the affairs of the estate."

In the case at bar, the testatrix left a husband surviving. Hence the case comes within the statute. The church can take but one-half of the estate, and it is the duty of this court to direct the payment to the church of only such one-half. It needs no construction of the provisions of the will to determine this. It is simply a mathematical calculation of the amount of money which the church is entitled to receive under the circumstances shown upon this accounting. In re Walker, 136 N. Y. 27, 32 N. E. 633.

To whom the other one-half of the property belongs, now remains for decision. Does any part of it pass under the eighth clause of the will? This half was not embraced in the eighth clause of the will, nor intended by the testatrix to be embraced therein, and therefore it does not pass under that clause. Stephenson v. Orphan Asylum, 27 Hun, 380, affirmed in 92 N. Y. 433; Betts v. Betts, 4 Abb. N. C. 317; Kerr v. Dougherty, 79 N. Y. 327; Lefevre v. Lefevre, 59 N. Y. 443. The undivided half, not having been disposed of by the testatrix, would pass under the statute as in cases of intestacy, and would go to the husband, even though he is given by the will the use of all the property of the testatrix during his lifetime. In re Ullmann, 137 N. Y. 403, 405, 33 N. E. 480. A decree may be entered accordingly. Decreed accordingly.