In the Matter of the Probate of the Will of CHARLES W. TROTTER, Deceased.

EDGAR A. TROTTER et al., Appellants; EDGAR T. VAN DEUSEN, Respondent.

SURROGATE — JURISDICTION AS TO CONSTRUCTION OF WILL. While a surrogate has no power under the statute (Code Civ. Pro. § 2624) to pass upon the validity, construction or effect of any will as to its disposition of real estate, yet where a testator undertakes to create a trust, in which the real and personal estate are inseparably blended, the surrogate has jurisdiction to construe such clause and declare the trust invalid and void in so far as it affects the personal property of testator.

*Matter of Trotter*, 104 App. Div. 188, affirmed.

(Argued October 3, 1905; decided October 17, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 21, 1905, which modified and affirmed as modified a decree of the Kings County Surrogate's Court construing the will of Charles W. Trotter, deceased.

The material portion of the will is as follows:

" *First*. I give, devise and bequeath to my executors and trustees hereinafter named, all my real and personal property of whatsoever nature or name or wheresoever situate until all the bequests and annuities hereinafter set forth are paid and conditions performed, with power to lease or sell the same and to collect and receive all property, revenue, interest, rents

30

and profits therefrom and all monies from any source whatever and to invest the proceeds in any manner which, in their judgment, shall be proper and of advantage to said estate; to have and to hold the same and the proceeds in trust nevertheless, for and subject to the following legacies, bequests, annuities and purposes, excepting, however, a lease between myself and the Lehigh Zinc and Iron Company, a Corporation formed under the Laws of Pennsylvania, and August Heckscher, now of the City of New York, dated August 11th, 1887, and recorded in Sussex County, New Jersey, as a mortgage, and any subsequent agreements made by himself and the same parties relating to the same property, which shall not be sold, assigned or transferred, but shall remain in possession of said executors and trustees for the full term thereof."

*Frank G. Wild* and *William W. Niles* for appellants. The surrogate had no jurisdiction to construe the will. (Code Civ. Pro. § 2624; *Matter of Shrader,* 42 N. Y. S. R. 166; *Matter of Morganstern,* 9 Misc. Rep. 198; *Matter of Austin,* 35 App. Div. 278; *Matter of Bogert,* 43 App. Div. 582.)

*Robert Leslie Moffett* for respondent. The surrogate had jurisdiction to construe the will. (Code Civ. Pro. § 2624; *Doone* v. *M. T. Co.,* 160 N. Y. 497; *Everett* v. *Everett,* 29 N. Y. 39; *Hatch* v. *Bassett,* 52 N. Y. 359; *Power* v. *Cassidy,* 79 N. Y. 602; *Fraser* v. *Trustees,* 124 N. Y. 479; *Hobson* v. *Hale,* 95 N. Y. 606; *Matter of Austin,* 35 App. Div. 278; *Matter of Bogert,* 43 App. Div. 586.)

Bartlett, J. The decree of the Surrogate's Court of Kings county construed the will of Charles W. Trotter, deceased, holding as follows: That the first paragraph, which sought to create a trust, is void, as an improper suspension of the power of alienation; that there were no separate trusts created under this paragraph and consequently various annuities chargeable on the single trust fund were also void; that the provision for the charge upon the trust fund of taxes,

etc., of 161 Warren street, borough of Brooklyn, contained
in the fourth paragraph, falls with the trust, but the specific
bequests of personal property therein are valid; that the
direction of the twelfth paragraph releasing certain persons
is valid; that the various specific bequests contained in the
third, fifth, sixth, eighth and ninth paragraphs, as modified
by the codicils, are valid; that with the exception of the
specific bequests the estate passes by operation of law to the
next of kin.

The Appellate Division modified the decree of the Surro-
gate's Court so as to adjudge that the devise of the life estate
to Edgar A. Trotter, under the fourth paragraph, as to No.
161 Warren street, borough of Brooklyn, is valid and as thus
modified the decree was affirmed. (*Matter of Trotter,* 104
App. Div. 188.) No appeal is taken by any of the appellants
from the aforesaid modification and we do not consider the
same.

We are of opinion that the learned surrogate properly dis-
posed of the other questions presented on the probate of the
will and that the decree entered on his decision should be
affirmed, including the modification by the Appellate Division.

This appeal presents but one question. It is argued that
under section 2624 of the Code of Civil Procedure the surro-
gate had no jurisdiction to construe this will. That section
reads as follows: " § 2624. Validity and construction of testa-
mentary provisions. But if a party expressly puts in issue,
before the surrogate, the validity, construction, or effect of any
disposition of personal property, contained in the will of a
resident of the state, executed within the state, the surrogate
must determine the question, upon rendering a decree; unless
the decree refuses to admit the will to probate, by reason · of
a failure to prove any of the matters specified in the last
section."

It is undoubtedly the law, under this section, that the sur-
rogate has no power to pass upon the validity, construction or
effect of any will as to its disposition of real estate. In the
case before us the testator sought to create a trust which

embraced all his real and personal property, with the exception of a few specific legacies, which was clearly invalid and properly declared void by the surrogate. As to the personal property involved in the void trust the surrogate had jurisdiction.

The real and personal estate were inseparably blended in the first paragraph, which sought to create the trust, and we regard the decision of the surrogate as passing only on its effect upon the personal property. We express no opinion as to the status of the real estate of the testator.

The order appealed from should be affirmed, without costs to either party.

CULLEN, Ch. J., GRAY, HAIGHT, VANN and WERNER, JJ., concur; O'BRIEN, J., absent.

Order affirmed.