> Testator devised his residuary estate to his executors in trust during the minority of one of his sons, to be divided, on the termination of the trust, among persons named, including a son who was afterwards disinherited by a codicil. *Held* that, where the son during whose minority the trust was to continue became of age before the testator died, the provisions of the will as to the residuary estate did not lapse, so that it should be divided as if testator died intestate.

In the matter of the probate of the last will of Lipman Arensberg. Probate decreed.

Jacob Brenner, for proponent.

August C. Nanz, for contestant.

CHURCH, S.  The admission of the will and codicil of the deceased to probate is contested by a son who is disinherited under the provisions of the same, and, in addition, he asks for a construction of the provisions of the will in accordance with provisions of section 2624 of the Code of Civil Procedure.

The will and codicil appear to have been executed in conformity with the various provisions of the statute, and the deceased was unquestionably of sound mind and not under any undue or improper influence; and the will and codicil are, therefore, entitled to be admitted to probate.  The question, however, of the power of the surrogate to construe a will under section 2624 has been the subject of some conflicting judicial decision; but whatever question there may have been on this subject in the past is certainly absolutely settled by the decision of the Court of Appeals in Matter of Trotter, 182 N. Y. 465, 75 N. E. 305, which holds that, where the provisions of the will related to personal property, the Surrogate's Court had complete jurisdiction to pass upon the validity of such provisions.

The contention of the disinherited son in the present case is based upon the following state of affairs:  Without enumerating at length the provisions of the will, it may be briefly stated that the residuary estate is given to the executors in trust to hold during the minority of one of his sons; and, upon the falling in of the trust, they are then directed to make distribution.  Under the will the disinherited son was one of the persons enumerated who was to receive a share of this distribution.  There seems, however, to have been, subsequent thereto, an ill feeling between the son and testator, as by the codicil he explicitly disinherited this son in consequence of the son's undutiful conduct.  It appears that the contingency which was to measure the duration of the trust, namely, the minority of the child in question, expired before the death of the testator.  The contestant, therefore, claimed that all of the provisions relative thereto lapsed, and that, as to the entire residuary estate, the deceased is to be presumed to die intestate.  This, of course, would result in his receiving his full share of the estate as one of the next of kin, and would be in direct violation of the wishes of the testator as expressed in the codicil.

The scheme of the testator as outlined in that will is perfectly apparent, and there is no necessity of indulging in speculation and conjecture as to any of his desires or wishes; and where that is the case, and the question arises as to the validity or invalidity of any of the clauses of the will, the invalidity of which will result in intestacy being established, it is the duty of the courts to endeavor, if possible, to so construe the will that intestacy shall not happen. This principle is founded upon the highest degree of common sense, as it is manifestly apparent that, where a person drafts a will, it is his intention to have the property go in accordance with his expressed wishes, and not in accordance with the statute of distribution. Of equal importance with this proposition is the proposition that, in construing a will, the primary question is, what was the intention of the testator as expressed by the will? Of course, in endeavoring to follow out the above views, it is not the function or privilege of the court to make a new will for the testator, or to say what the testator might have meant, which cannot be deduced from the will in question.

The principles which control in connection with a lapsed legacy do not seem to me to apply to the situation in hand. Counsel have not referred me to any cases or any statements of any text-writers tending to substantiate this contention; and it seems to me perfectly natural and reasonable that the will should be construed as if the trust had now terminated, and the executors should, therefore, proceed as they were directed by the will when that contingency was likely to happen. This does not in any way interfere with the rights of any of the parties, or with the wishes of the testator as expressed; but, on the contrary, to hold that there was intestacy would permit the contestant to share in his father's estate, notwithstanding the solemn declaration and wish of the testator that this result should not occur.

Let decree be entered admitting the will and codicil to probate, and construing the will and codicil as so admitted in accordance with the views expressed in this memorandum.

Probate decreed.