WILLS—CONSTRUCTION—JURISDICTION—DEVISES TO CHARITIES.

Under Code Civ. Proc. § 2624, the surrogate has power to construe a will in order to determine the applicability of Laws 1860, p. 607, c. 360, limiting devises and bequests to charitable and other corporations, if decedent has a husband, wife, child, or parent, but not otherwise.

In the matter of the probate of the will of Harriet D. Talmage. Objections to probate overruled.

Louis N. Rowley (Walter Large, of counsel), for proponent.
Parm C. Gilbert, for Ira Talmage, an heir at law.
John M. Zurn, special guardian.

KETCHAM, S. In the proceeding to prove the will the special guardian for nephews and nieces of the decedent has filed objection that the will violates chapter 360, p. 607, of the Laws of 1860, which enacts that:

"No person having a husband, wife, child or parent shall by his or her last will and testament devise or bequeath to any charitable, etc., corporation * * * more than one-half of his or her estate."

The objection of the executor that the will cannot be construed with respect to the question of the application of the act cited is overruled. Objection by the special guardian was properly made under section 2624, Code Civ. Proc., and expressly puts in issue the validity of the disposition of the estate. It appears that the decedent left no husband, parent, or children, and it is therefore impossible that her will has violated the provisions of the above statute. It is true that in the case of Robb v. Washington & Jefferson College, 185 N. Y. 485, 78 N. E. 359, it was held that nieces could present the objection suggested by the statute. It has not been held, either in that case or

elsewhere, that the statute embraced within the relatives designated any persons more remote in relation than "husband, wife, child or parent," and it is not easy to see that a distribution of one-half of the decedent's estate to charitable or other corporations is affected by any statutory provision intended for the protection of nephews and nieces.

The objection is overruled.