Addison E. Kreidler in the amount of $274.92.    To George Willey and Edward Willey, as executors, etc., $80; the same to be paid as hereinbefore indicated.

(67 Misc. Rep. 347.)

### In re SEYMOUR'S WILL.

(Surrogate's Court, Rockland County.   April, 1910.)

CHARITIES (§§ 21, 22*)—CERTAINTY OF PURPOSE—INDEFINITENESS.

Where testatrix gave to a person named in her will as sole legatee and whom she had known but a short time a portion of her estate "to use as he may desire in the Master's work" it will be construed as an attempt to create a trust which is ineffectual, because the objects of the testatrix are so indefinite, and the beneficiary so uncertain, that the court could not direct the manner in which her intention should be carried out.

[Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 44–56; Dec. Dig. §§ 21, 22.*]

In the matter of the last will of Flora Seymour.   Probate of will denied.

Proceeding for probate of will.

Harris & Maxfield (Philip Van Alstyne, of counsel), for proponent. Forsyth Bros., for contestants.

McCAULEY, S.   The will offered for probate in this proceeding which relates only to personal property was most inartificially and unskillfully drawn and is, in my opinion, invalid by reason of indefiniteness and uncertainty.   It contains no attestation clause, but was executed December 9, 1908, in the presence of two attesting witnesses whose signatures are written to the left and opposite the signature of the testatrix and under the word "Witnesses."

The testatrix resided at Hillburn in this county, where, since September, 1905, she had been employed as a teacher in the public school. She was about 50 years of age and unmarried.   During her residence at Hillburn she was actively interested not only in educational but in religious work.   She became ill of pneumonia early in December, and, about two days before she died, was removed to a hospital at Suffern.   The will was prepared and executed after her admission to the hospital and but a few hours before her death.   It was written for her by a friend who was called in for that purpose, and who undertook its preparation without the advice or assistance of legal counsel.   The next of kin of testatrix, who are two surviving brothers, object to the probate of the will, and allege, in support of such objection (1) that the instrument offered for probate is not her last will and testament; (2) that she was not of sound mind and memory at the time of its execution; (3) that the execution of the will was not her free, unconstrained, and voluntary act; and (4) that it was not subscribed, published, and attested as required by law.   The contestants presented no proof, however, in support of their objections.

The evidence submitted on the part of the proponent established to my satisfaction that the testatrix had sufficient mental capacity to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

make a testamentary disposition of her estate, and that she was not under any restraint at the time of the execution of the will. She expressed to the draftsman her wishes concerning the disposition of her estate, in language that was clear and intelligible, and suggested, when the will was read to her, the insertion of a few words to make the language more explicit and her meaning clearer. She had an adequate comprehension of the condition and nature of her property and of the scope and import of the testamentary provisions. This is the standard which the law requires. Lavin v. Thomas, 123 App. Div. 116, 108 N. Y. Supp. 112. That she was very weak, physically, however, her abbreviated signature to the will, written with a tremulous hand and almost illegible, bears unmistakable evidence. The evidence, also, satisfied me that the statute prescribing the formalities to be observed in the execution of wills had been substantially complied with. The proof was therefore sufficient to warrant its admission to probate. Matter of Voorhis, 125 N. Y. 767, 26 N. E. 935; Gilbert v. Knox, 52 N. Y. 125; Matter of Cottrell, 95 N. Y. 329; Matter of Higgins, 94 N. Y. 554.

The contestants have, however, expressly put in issue, under section 2624 of the Code of Civil Procedure, the validity, construction, and effect of the will; and we are therefore called upon to construe its provisions, and to determine whether they are legal and effectual. The material portions of the will are in the following words:

"I, Flora Seymour, being of sound mind, hereby direct Mr. R. J. Davidson to turn over to Schuyler C. Pew the four bonds now in his possession and belonging to me.

"It is my desire that if I should be taken away that the said Schuyler C. Pew have this property to use as he may desire in the Master's work."

It is a familiar rule of construction that a testator's intention must govern, if it be not inconsistent with rules of law, statutory or otherwise. Such intention must, however, be gathered from the language of the will itself; and extrinsic parol evidence as to the circumstances under which the will was executed is incompetent and inadmissible. The question in expounding a will is not what the testator meant as distinguished from what his words express; but, simply, what is the meaning of his words. When the provisions are ascertained and understood, then is their legality to be determined.

The question then arises: What was the intention of the testatrix as expressed in the language of the will? Counsel for the proponent argue that the language of the will is susceptible of but one interpretation, namely, that the testatrix intended to make, and did make, an absolute gift of the property to Schuyler C. Pew; and that the words "in the Master's work," do not in any sense qualify or limit the gift, but are expressive only of a wish or request that he so use the property. If the testatrix had intended to make an absolute gift of the property, the language was far more expressive of that intent without the words "in the Master's work" than with them. It should be remembered, in this connection, that these words were written, where they are now found, after the will had been prepared and read to the testatrix, and at her request. There was no reason, so far as the evi-

dence before me discloses, why the testatrix should give her entire estate to Schuyler C. Pew, who was not in any wise related to her, and whose acquaintance with him had covered but a brief period of time. He had no claim whatsoever upon her bounty, but he was interested and to some extent actively engaged in religious or evangelistic work.

What, then, was the intention of the testatrix? Did she intend that her estate should be devoted to religious uses and purposes, and to that end was it her intention to create a trust of which Schuyler C. Pew should be the trustee? The provisions of the will are ambiguous, their meaning obscure. In my opinion the provisions must be construed as an ineffectual attempt to create a trust; ineffectual because her objects and purposes are undefined and the beneficiaries indefinite and uncertain. Mr. Pew was to have the property to use "in the Master's work." These words have no well-defined meaning. We may assume that they refer to religious and charitable work; but it is purely an assumption. There is no beneficiary of the trust, nor does the will specify how or in what manner or for whose benefit he shall use the property.

There can be no valid testamentary trust unless there is a beneficiary either named or capable of being ascertained within the rules of law applicable in such cases. Read v. Williams, 125 N. Y. 560, 26 N. E. 730, 21 Am. St. Rep. 748; Fosdick v. Town of Hempstead, 125 N. Y. 581, 26 N. E. 801, 11 L. R. A. 715; People v. Powers, 147 N. Y. 104, 41 N. E. 432, 35 L. R. A. 502; and Fairchild v. Edson, 154 N. Y. 199, 48 N. E. 541, 61 Am. St. Rep. 609.

While chapter 701, Laws 1893, as amended by chapter 291, Laws 1901, has rendered valid many gifts and bequests to religious, educational, charitable and benevolent uses which, prior to its enactment, would have been invalid by reason of indefiniteness, the bequest under consideration is, nevertheless, in my opinion, invalid under the provisions of that statute.

Chapter 701, Laws 1893, is as follows:

"Section 1. No gift, grant, bequest or devise to religious, educational, charitable, or benevolent uses, which shall in other respects be valid under the laws of this state, shall or be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same. If in the instrument creating such a gift, grant, bequest or devise there is a trustee named to execute the same, the legal title to the lands or property given, granted, devised or bequeathed for such purposes shall vest in such trustee. If no person be named as trustee then the title to such lands or property shall vest in the Supreme Court.

"Sec. 2. The Supreme Court shall have control over gifts, grants, bequests and devises in all cases provided for by section one of this act. * * * The Attorney General shall represent the beneficiaries in all such cases, and it shall be his duty to enforce such trusts by proper proceedings in the court." As amended by chapter 291, Laws of 1901.

The provisions of this statute, as affecting gifts in trust for public charitable purposes, received most careful consideration in Matter of Shattuck, 193 N. Y. 446, 86 N. E. 455. The residuary clause of the will under consideration in that case was as follows:

"All the rest, residue and remainder of my real and personal property, I give, devise and bequeath to my executor hereinafter named, in trust,

however, the rents, profits and income thereof to be expended by him annually and to be paid over to religious, educational or eleemosynary institutions as in his judgment shall seem advisable, not more than $500, however, to be paid to any one such institution in any one year."

The reasoning of the court in declaring this clause invalid is so pertinent and applies with so much force to the case before me that I quote the following from the opinion:

"The residuary clause of the will of the testatrix would have been void under the law of this state as it existed prior to the enactment of said statute. It is void now unless it is saved by the provisions thereof. The selection of the beneficiaries is left wholly to the judgment, from time to time, of the trustee, and the only limitation upon his discretion is that such beneficiaries shall be 'religious, educational or eleemosynary institutions.' In selecting them the trustee is not confined to any creed, denomination or territory. The intention of the testatrix in founding the trust is not expressed. Even if the trustee selected by the testatrix may be presumed to be familiar with her purpose and design and to act upon such knowledge, his death would make it necessary for the court in whom the title to the trust would rest, to direct in regard to its control and disposition. It is manifest that it is necessary for a testator to define his purpose and intention in making a trust sufficiently so that the court, at the instance of the Attorney General representing the beneficiaries, can by order direct in carrying out the trust duty.

"Religion is polemic. We have no established religion; and, as there is no guiding hand in the will to direct in the distribution of the testatrix's bounty, the personal views or religious faith of the Attorney General representing the indefinite and uncertain beneficiaries, or of the judge holding the court, for the time being and from time to time, might affect the distribution to be made of the income of the trust fund. The distribution from time to time might thus be contradictory in its purposes and results. It would be possible, also, to have the bounty of a testator of uncompromising religious views distributed among institutions managed by those having entirely different and antagonistic views.

"The act of 1893 doubtless saves a trust from being invalid because the beneficiaries are indefinite and uncertain, but a trust may be so indefinite and uncertain in its purposes as distinguished from its beneficiaries as to be impracticable, if not impossible for the courts to administer.

"We make these suggestions for the express purpose of calling attention to the fact that there must be some limitation upon the power of a testator to make a valid trust, if he leaves his objects and purposes undefined and the beneficiaries indefinite and uncertain."

My conclusion is that the provisions of the will are invalid and that probate should be denied, and I so find and decide. A decree may be entered accordingly. The allowance of costs will be determined upon settlement of decree.

Probate denied.