---

(86 Misc. Rep. 148)

### In re HELLER'S WILL.

(Surrogate's Court, Bronx County. June, 1914.)

1. WILLS (§ 215*)—CONSTRUCTION—TIME FOR HEARING.
 An application by special guardians, on the probate of a will, pursuant to Code Civ. Proc. § 2624, to determine the construction of a disposition therein, will be determined over an objection that a decision is unnecessary, because no distribution is then to be made.
 [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 522, 523; Dec. Dig. § 215.*]

2. WILLS (§ 680*)—CONSTRUCTION.
 A will providing that testator's father should receive $400 if her husband failed to send him $10 monthly, and "if he doesn't send then

---

\* \* \* L. should draw out of the amount of $400 each and every month the amount of $10 \* \* \* until the last dollars. In case if my husband sends him continuously then said amount should be divided between F. and H."—was a bequest of $400 to L., the executrix, in trust to hold during the life of testatrix's father, and to pay to him out of such amount and interest $10 per month whenever testatrix's husband should fail to make a monthly payment of $10 to him, until the $400 and accrued interest thereon should be paid, and on the further trust on her father's death to pay to F. and H., share and share alike, so much of the $400 and interest as should remain in executrix's hands after making such payments to the father.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1594–1598; Dec. Dig. § 680.\*]

Proceeding for the probate of the will of Rose Heller, deceased. On application to construe a provision of the will, under Code Civ. Proc. § 2624. Decree according to opinion.

Michael V. Rosenberg, of New York City, for proponent.

William A. Keating and Gustave Frey, both of New York City, special guardians.

SCHULZ, S. The testatrix left a last will and testament containing, among other provisions, the following:

"My father, Marcus Frey, should get the amount of $400 four hundred dollars in case if my husband wouldn't send him any money home, that he is suppose to send him $10 ten dollars monthly. And in case if he doesn't send then my sister, Lina Letzter, should draw out of the amount of $400, each and every month the amount of $10 ten dollars until the last dollars. In case if my husband sends him continuously then said amount should be divided between Fanny & Helen Heller."

[1] The two special guardians appointed for the infants interested have both submitted reports in which they state that they have no objection to the probate of the propounded document. They ask, however, that the surrogate, pursuant to section 2624 of the Code of Civil Procedure, determine the validity, construction, and effect of the disposition attempted in the said last will and testament by the language above quoted. While the attorney for the petitioner urges that a decision of the matter is now unnecessary because no distribution is as yet to be made, nevertheless I think it is of importance that questions of this kind should be decided as early as possible in the administration of estates, so that executors may know the views of the court concerning doubtful provisions. I can see no utility in avoiding the decision thereof and postponing it to a time when the executrix, through an honest misunderstanding, may have made payments which might cause her embarrassment. I therefore proceed to a consideration of this clause.

[2] It seems clear to me that the testatrix intended that her father should receive the sum of $10 each month, and, as she does not state for what period he is to get this amount, I think the presumption is fair that she intended he should receive it during his lifetime. I think that it is equally clear that in no event was he to receive more than the sum of $400 and accrued interest thereon out of the estate of the decedent. Evidently there was some understanding between the testatrix and her

husband, the exact nature of which is not disclosed, which led her to believe that her husband would send the sum of $10 per month to her father. In order to make certain that her father would receive the said amount for at least a part of his life, she desired to make some provision out of her own estate, and as she could not tell how much money might be required, because that would depend upon the length of life of her father, and upon whether or not her husband made payments, the testatrix fixed upon an arbitrary sum of $400, which amount, with such interest as might accrue thereon, the executrix, Lina Letzter, was to pay to the father of the testatrix in monthly payments of $10 each whenever the testatrix's husband failed to pay the same. I further believe that her intention was that upon the death of her father the said $400, and any interest thereon, or so much thereof as remained in the hands of the executrix after making the payments referred to, should be divided between Fanny and Helen Heller.

The above being my understanding of the intent of the testatrix, I construe the clause quoted as a bequest in the sum of $400 to Lina Letzter, the executrix, in trust, nevertheless, to hold the same during the life of Marcus Frey, the father of the testatrix, and to pay to her said father out of the said amount and the interest that may accrue thereon the sum of $10 per month, whenever the husband of testatrix shall fail to make such a monthly payment of $10 to him, until the said sum of $400 and accrued interest thereon shall have been paid to said Marcus Frey, and upon the further trust, upon the death of said Marcus Frey, to pay to Fanny and Helen Heller, share and share alike, the said sum of $400 and accrued interest, or so much thereof as shall remain in her hands after making the payments, if any, to Marcus Frey, as above stated.

Decreed accordingly.