(Surrogate's Court, New York County. December, 1914.)

WILLS (§ 697*)—APPLICATION FOR CONSTRUCTION—WHAT CONSTITUTES—DE-
NIAL.

> An application by executors and trustees for the construction of a
> clause of the will empowering them to pay necessary expenses in keep-
> ing certain realty in first-class condition, and for a determination whether
> the clause authorizes them to make certain radical repairs· or changes,
> being an application for instructions as to how to proceed with duties
> imposed on them by law, and not for the construction of a will, within
> the meaning of Code Civ. Proc. § 2615, should be denied.

> [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1671–1675; Dec.
> Dig. § 697.*]

In the matter of the estate of Mathilde Zitzlsperger, deceased.
Application, pursuant to Code Civ. Proc. § 2615, for construction of
a will. Application denied.

Adolph E. Gutgsell, of New York City, for petitioners.
A. Welles Stump, of New York City, special guardian.

COHALAN, S. This is an application brought on by citation, pur-
suant to the provisions of section 2615 of the Code of Civil Proce-
dure, for a construction of the will of the above-named deceased.
Section 2615 of the Code of Civil Procedure provides that:

> "An executor, administrator with the will annexed, or any person inter-
> ested in obtaining a determination as to the validity, construction or effect
> of any disposition of property contained in a will, may present to the Surro-
> gate's Court in which such will was probated, a petition setting forth the
> facts which show his interest, * * * and the particular portion of such
> will concerning which he requests the determination of the court."

By the will of the deceased his executors and trustees, among other
things, were given certain real estate in trust upon the following
terms:

> "To take full charge of my aforesaid real estate and judiciously manage
> and control the same, collect and receive all rents, issues and profits thereof,
> paying therefrom all taxes, assessments, Croton water rent or charges, inter-
> est on bond and mortgage, fire insurance and all other expenses accruing in
> keeping my said real estate in a first-class condition."

They were directed to pay and apply the net rents, issues, and
profits thereof toward the maintenance and education of Herman
Krug, a grandson of the testator, until he arrived at the age of 21
years. Two of the parcels of real estate are old-fashioned five-story
tenement houses without improvements, arranged for occupancy by
two families on each floor and a store on the ground floor. The aver-
age monthly rents for these parcels for the years 1909, 1910, and
1911 were $291; 1912, $282; 1913, $259; 1914, $232. The petition-
ers ask this court to construe the sixteenth paragraph of said will,
wherein they are given power to pay the necessary expenses in keep-
ing the premises in a first-class condition, and by its decree say wheth-
er or not this paragraph of the will authorizes them to make certain

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

radical repairs or changes in the condition of the premises, by installing ranges, boilers, white enamel basins, and sinks, which improvements were not heretofore in the buildings.

The construction asked by the executors and trustees is not a construction of the will within the purview and meaning of the statute, and I am of the opinion that they will have to act upon their own responsibility in this matter. They are asking, not for a construction of the will, but rather for the instruction and direction of this court as to how to proceed with duties imposed upon them by law when they assumed the responsibilities of executors and trustees.

Application denied.