tess d'Arschot, this sum will draw interest until it is paid over, so that there is no occasion for their retaining an additional sum out of the trust estate for the payment of interest. There will, however, be costs and disbursements on a supplemental accounting, and there may be some small items of interest charges. I think $5,000 is sufficient to cover these contingent payments. There is no need of the trustees retaining any sum for transfer tax purposes, because if it is held that the will is valid the transfer tax will be imposed on the estate of the Countess d'Arschot, while if the will is held to be invalid and the attempted exercise of the power ineffective no transfer tax will be imposed, as the testator died in 1887 and the property was transferred to his descendants. The question of advancements will be determined upon the settlement of the decree.

Settle decree and tax costs on notice.

---

(89 Misc. Rep. 93)

### In re CATLIN'S ESTATE.

(Surrogate's Court, New York County. January 7, 1915.)

GUARDIAN AND WARD (§ 118*) — TITLE TO REAL PROPERTY — CAPACITY OF GUARDIAN TO SUE.

A general guardian of an infant legatee has no authority to institute a proceeding under the Surrogate's Law of 1914 (section 2615, Code Civ. Proc.), to determine the validity, construction, or effect of a disposition of real property by will, without special statutory authority.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 411–418; Dec. Dig. § 118.*]

Application by the general guardians of an infant legatee to determine the validity of the disposition of property by the will of Cora V. R. Catlin, deceased. Dismissed.

Jno. M. Shedd, of New York City, for infant petitioner.
Townsend Jones, of New York City (Eliot Tuckerman, of New York City, of counsel), for Lynde Catlin.
Henry Gansevoort Sanford, of New York City, for executors.

FOWLER, S. This is a proceeding under the New Surrogates' Law of 1914 (section 2615, C. C. P.), by the general guardians of an infant legatee, to obtain a determination as to the validity, construction, or effect of dispositions of property, both real and personal, contained in the will of Cora V. R. Catlin, deceased. As I stated in my judgment in Estate of James Harden, 150 N. Y. Supp. 743, the surrogates' jurisdiction conferred by section 2615, C. C. P., is both novel and apparently vast, and beyond all precedent in countries subject to the common law. I also then stated in substance that it was highly essential to proceed with great circumspection and deliberation under the new section, so as not to unsettle titles to real property derived under wills, or jeopardize interests heretofore amply protected by the law of the land. That the jurisdiction thus attempted to be conferred on the

surrogate by the new section must be subject to restrictions and limitations of some kind was apparent to me in Estate of Harden, the first matter coming before me under the new law. What some of these restrictions and limitations were I endeavored at that time to indicate or suggest.

There are many other restrictions on proceedings of this kind highly essential to be laid down with great care and precision before the procedure under that act can be rendered either safe or effectual for any purpose. It will then remain to be seen how conclusive the ultimate determination of the surrogate in such proceeding will be in the other courts of the state. This is a very doubtful point to my mind; but certainly the decision of the surrogate will not be conclusive at all, unless all the proper parties are before this court and the proceedings thereafter taken are regular and unassailable. This is still, non obstante the new Surrogates' Code, a court of limited and peculiar jurisdiction, and while in its own ancient and respectable province its decrees are regarded as in rem and binding on all the world, yet when this court proceeds in personam or under a statute, nothing can be more futile than its decrees, if every step in the prior proceeding has not conformed in every respect to the law of the land. Such are some of the hazards of the situation when we proceed under the new section 2615, C. C. P.

I have said nothing about the constitutionality of section 2615, C. C. P., which is much doubted by many distinguished lawyers in this state. I generally avoid such questions in this court, if possible, for reasons I stated in Matter of Thornburgh, 72 Misc. Rep. 621, 132 N. Y. Supp. 268. It is not enough to hold that this character of proceedings is subject to all the principles of equitable procedure. It is subject to far more restrictions. The new law purports to confer legal jurisdiction on the surrogate to pass on legal devises and legal titles. Consequently it also requires our conformity with every rule known to legal procedure. This is of course a paradox of procedural law, notwithstanding the modern fusion of legal and equitable remedies. Even now the administration of these inconsistent principles of law and equity is always separately administered in practice.

It is manifest that the title to real property is concerned in this proceeding now before me, yet I am not precisely advised by the petition of the nature of such real property, or whether or not such property is all situated in this county. Some of it is alleged to be here. No pieces of property are described in the petition by metes and bounds, or even with reference to recorded conveyances. It is a fundamental of proceedings affecting titles to land that both the person seised and the person in possession shall be joined. As a general principle of procedure, proceedings affecting the title to real property, if not brought in a court of general jurisdiction, must be brought in a local court or a court rei sitæ, and indeed can only be brought there. From the foundation of our government no court of a county of this state has jurisdiction of real property out of the county. This is not a court of general jurisdiction. I say this not to minimize the great responsibilities of this court. I

am not lacking in respect for the proper and peculiar jurisdiction of this court, but I will not attempt to aggrandize this court at the expense of either principle or established and binding precedents.

I now come to the merits of this proceeding. This proceeding is instituted by the general guardians of an infant. It was an old principle of our law that general guardians have no power or control over real property of the infant further than concerns the rents and profits. Genet v. Tallmadge, 1 Johns. Ch. 561; Pond v. Curtiss, 7 Wend. 45. Can a general guardian institute such a proceeding as this, whereby the infant's title to real property may be taken away? I think not, without special statutory authority. Whenever title to real property is derived from a duly probated will, or even from a devise not probated, the validity of the title by our fundamental constitution of government can be determined only by a proceeding in pais, unless such right and protection is formally and competently waived. I know of no provision better designed to protect the freehold and the home than this provision, and in times of stress or civil commotion it may be highly essential to the security of the citizen. I doubt if even a general guardian can waive the infant's right to such a determination by a trial by jury in respect of his freehold. If the general guardian cannot waive the infant's right to a trial in pais, he has no locus standi in this proceeding to waive it, or, if he has, our judgment would not bind the infant in respect of his real property.

I now pass to the grounds more immediately asserted for the invocation of the process of this court in this proceeding: (1) That it will save a recourse to the more expensive action of partition; (2) that it will promote the accounting. Neither of these is a reason for recourse to this court under the new section, as I attempted to show in Matter of Harden, 150 N. Y. Supp. 743. Again I must regret that an application of this kind must be dismissed; but it is so. It is, however, dismissed without prejudice to any proceeding or action of any kind on the same state of facts in any other court of competent jurisdiction.

Settle decree accordingly on notice.