(86 Misc. Rep. 164)

In re FARMERS' LOAN & TRUST CO.

(Surrogate's Court, New York County. June 16, 1914.)

WILLS (§ 634*)—CONSTRUCTION—VESTED REMAINDERS.

Under a will which, after giving property in trust for testator's two daughters for their lives, provides that "from and after the decease" of the two daughters "I give and bequeath" the property to their children, the children of each of them "on the decease of their mother" taking the equal one-half part thereof, the remainders are, in the absence of further evidence of intention, vested, and not contingent.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

In the matter of the judicial settlement of the account of the Farmers' Loan & Trust Company, as successor trustee under the will of John Walker, deceased. Decree rendered.

Geller, Rolston & Horan, of New York City, for successor trustee.

Arthur Falk, of New York City (William Bondy, of New York City, of counsel), for Albert D. Morstadt.

Denis O'L. Cohalan, of New York City, for H. C. Schaefer and others.

William S. Bennet, of New York City, for Walter Schaefer and others.

FOWLER, S. The trustee's accounting in this estate has been filed, and a construction and interpretation of the will of the late John Walker is required as a preliminary to distribution and decree. The testator provided by the fifth and sixth paragraphs of his will, as follows:

"Fifth. On and after the decease or remarriage of my said wife, I give and devise to my executors hereinafter named and the survivor of them, all my said real estate, in trust nevertheless, as soon as can be conveniently done, to sell said real estate at public and private sale for the best price, and make, execute and deliver to the purchaser or purchasers thereof a good and sufficient deed or deeds of conveyance of the same and safely invest the proceeds of such sale in bond and mortgage on real estate or in New York city or state stocks or stocks of the United States for the use and benefit of my two daughters, viz., Julia, the wife of Charles Schaefer, and Matilda, the wife of Henry Kassebart, for and during the term of their natural lives, to collect and receive the interest, dividends and profits of such investment or investments of said proceeds of sale and pay over to each of my said daughters the one equal half part of the same and take her individual receipt for the same without the interference or control of any husband she may have, for so long a time as she shall live."

"Sixth. From and after the decease of my said two daughters, I give and bequeath the principal sum, the interest, dividends and income of such investment or investments of said proceeds of sale of my said real estate to the children of my said daughters; the children of each of my said daughters on the decease of their mother taking the one equal half part of the same, to be divided equally among them, share and share alike."

The testator was survived by his widow, Catherine Walker, and his two daughters, Julia, the wife of Charles Schaefer, and Matilda, the

wife of Henry Kassebart. Julia Schaefer, one of the testator's daughters, died on the 22d day of April, 1866, leaving Rudolph, Henry, and Cornelius Schaefer, her only children, her surviving. Catherine Walker, the widow of the testator, never remarried, and died on the 17th day of February, 1884. Subsequent to the death of the testator the husband of his daughter Matilda died, and thereafter she married Andrew L. Culver, and became known as Matilda Walker Culver. The only child born of the marriage of Henry Kassebart and Matilda was a son, Henry Kassebart, who, after the remarriage of his mother, was known as Henry K. Culver. There was no issue of the marriage of the daughter Matilda with Andrew L. Culver. Henry K. Culver predeceased his mother, Matilda, and died intestate on the 29th day of March, 1908. He left him surviving no widow, no children and no issue of any deceased child. Matilda Walker Culver died on the 29th day of July, 1912. It is the principal of the trust fund held by the accountant for her benefit under the will of John Walker that is now being administered, and in the course of this administration the construction of the will necessarily arises.

On the 11th of December, 1907, the said Henry K. Culver executed and delivered an assignment to Albert D. Morstadt of one-half of all his right, title, and interest in and to the estate of John Walker, deceased. Albert D. Morstadt, the assignee of Henry K. Culver, claims that the latter had a vested interest in the remainder of the trust estate created by the will of John Walker for the benefit of Matilda Walker Culver, and that by reason of such assignment he is entitled to receive one-half of the balance of the principal of the trust estate remaining in the hands of the accountant.

The question for our determination is: Is the remainder or executory interest of Henry K. Culver vested or contingent? The courts of this state have consistently adhered to the principle that rules for the construction and interpretation of wills are to be applied in subordination to the intention of the testator, deducible from the terms used and the whole context of the will. Nothing upon the face of this will, however, tends to favor a construction that the remainder was not vested immediately upon the death of the testator, except the words in the sixth paragraph thereof, "from and after the decease of my said two daughters," and on toward the end of this paragraph the words "on the decease of their mother." The words quoted furnish the only indication which we have of any possible intention to postpone the vesting of the remainder estates to some future time beyond the death of the testator. In the absence of a positive expression of an intention to postpone vesting, postponement will not be presumed, as the law favors the immediate vesting of estates and fixed, definite, and certain titles. This principle is so well settled that it is not necessary to cite any adjudications in its support. In re United States Trust Co., 78 Misc. Rep. 236, 138 N. Y. Supp. 150.

There being no evidence of the intention of the testator beyond the words before referred to, the legal effect of the use of the words "from and after the decease" and "on the decease" upon the quality of the remainder estates is to be resolved. I am of the opinion that these words,

now claimed to indicate futurity of vesting, in the absence of any discoverable intention in any other part of the will, are insufficient in themselves to make the remainder, in this instance, contingent, and thereby create uncertainty with respect to the title to Mr. Walker's property. Nelson v. Russell, 135 N. Y. 137, 31 N. E. 1008. These words just quoted should have been coupled with something more in order to carry supreme weight in the determination of testator's conjectural intention to postpone vesting. It cannot be said that they, of themselves, are an ultimate criterion of a testamentary intention to postpone vesting. They are, however, a part of the whole limitation presented for construction. Now, the Court of Appeals has repeatedly held that adverbs of time, such as when, then, after, from and after, etc., in the devise of a remainder limited upon a life estate, should be construed as merely indicative of the time of the *enjoyment* of the estate, and not of its *vesting*. Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20.

In Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890, the will before the Court of Appeals much resembled the one now here. It read:

"All the rest, residue and remainder of my estate, real and personal, * * * I bequeath and devise to my wife, Annette C. Hersee, to have, hold and enjoy the same with the rents, issues and profits thereof during the term of her natural life, and *from and after her decease* my will is that all of my said property be disposed of according to the statutes of the state of New York governing the descent of real property and the distribution of personal estates."

In that case it was held that upon the death of the testator his heirs took a vested remainder in his real property and that the words "from and after" did not render the remainder contingent.

So, also, in Livingston v. Greene, 52 N. Y. 118, the testator, after giving a life estate in his real estate to his wife, provided:

"*From and after the decease and death* of my beloved wife, * * * I give and bequeath all my real estate * * * to all my children, and their heirs and assigns * * * to be equally divided, share and share alike."

It was held that the children took a vested remainder not subject to be defeated by their death prior to that of the wife.

In Ackerman v. Gorton, 67 N. Y. 63, the will devised certain real estate to the testator's wife "to be used and enjoyed by her during her natural life, *and from and immediately after her decease* * * * to be divided equally among his children." The Court of Appeals in that case held that the words "*from and immediately after her decease*" did not operate to postpone the vesting of the remainder in the children until the death of the life tenant, but denoted simply the time when they would become entitled to the estate in possession.

The testator's use of the words "on the decease of their mother" in the last part of the sixth paragraph of his will, giving to the children of each of his daughters the remainder, does not imply futurity in the vesting of this remainder, or does it constitute that a survivorship of the life tenant shall be an absolute condition precedent to succession. Rather such words indicate the time of the termination of the trust and the division and distribution of the principal of the remainder;

one-half upon the death of·each child. No words expressing substitution, or any implication of substitution, appear upon the face of the will indicative of an intention that the estate when once vested may be divested upon the happening of a contingency. The presumption· from this will is that it was the intention of the testator to dispose of his entire estate at and as of the time of his death. In re Griffin, 75 Misc. Rep. 444, 135 N. Y. Supp. 518.

I am of the opinion, therefore, that the remainders referred to in the sixth paragraph of the will now before me are vested and not contingent, and I so hold.

Costs taxed and decree signed.