compelled to give security for costs the same as any stranger. Under the construction of the section of the Code here in question made in the case of Taylor v. Norris, supra, which is a controlling authority in this department and is in thorough accord with the rule of construction laid down by the Court of Appeals, this motion must be denied, with $10 costs to the plaintiff to abide the event.

(87 Misc. Rep. 537)

### In re HOUSER'S ESTATE.

(Surrogate's Court, New York County.  November 4, 1914.)

WILLS (§ 634*)—ESTATES DEVISED—CONSTRUCTION.

Where a testator gave his wife control of all his real and personal property during her lifetime, and directed that at her death the entire estate should be sold and all moneys divided among his named children, with the provision that, if any were not living at that time, his or her share should go to his heirs, the children took vested instead of contingent remainders, for the period of enjoyment only is postponed, and it is the policy of the law to construe remainders as vested rather than contingent.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

In the matter of the estate of Peter Houser.  Will construed.

R. E. & A. J. Prime, of New York City (W. C. Prime, of New York City, of counsel), for petitioner.

Benjamin Berger, of New York City, for Aaron Marks.

FOWLER, S.  This is an application under section 2615 of the Code to obtain a construction of the will of the deceased.  The will is very short, containing but two paragraphs; the first disposing of the testator's property and the second appointing his two daughters executrices. The first paragraph provides as follows:

"First. After my lawful debts are paid, I give to my wife Mary all my real and personal property, and she is to have control during her lifetime, and at her death, within sixty days thereafter, my entire estate is to be sold at public auction, and all the proceeds and all other money belonging to my estate shall be equally divided among my children, viz., Lizzie, Katie, Henry, Joseph and Edward, and if any of my children are not living at that time, her or his share is to go to her or his heir or heirs.  Each one of my children or their heirs shall receive their share within ninety days after the death of my wife, with the exception of my son Henry, whose share shall be held in trust for him by my daughters Lizzie and Katie, and they shall from time to time pay to him from his share such money as in their judgment is necessary for his maintenance, and at his death the amount then held in trust for him shall go to his legal heirs."

The sole question for determination is:  Are the remainder interests of the children, Lizzie, Katie, Joseph, and Edward, vested or contingent?  A consideration of this paragraph shows that the testator intended to create a life estate in his real and personal property for the benefit of his widow, and by the use of the word "control," in the second line, meant the "use" or "enjoyment," with remainder over to his children "at her death."  The children of the testator upon his death took, under the provisions of this will, a vested remainder in all the property

of the testator. The words "at her death" (referring to the widow), in the third line of this first paragraph of the will, do not denote an intention on the part of the testator to postpone the *vesting* of the remainder estates, but are simply indicative of the time of *"enjoyment."* Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890; Livingston v. Greene, 52 N. Y. 118; Ackerman v. Gorton, 67 N. Y. 63; Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20; Estate of John Walker, 86 Misc. Rep. 164, 148 N. Y. Supp. 428. A remainder is always to be construed as vested, unless clearly contingent.

I therefore hold that the remainders referred to in the first paragraph of the will are vested, and not contingent. Proceed accordingly.